UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ANNETTE M. VANDERHORST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1580 (ABJ) |
| | ) | |
| BLUE CROSS BLUE SHIELD ASSOCIATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Annette M. Vanderhorst brought this *pro se* lawsuit against defendants Blue Cross Blue Shield Association ("BCBSA") and "CMS," which is the Centers for Medicare and Medicaid Services, a component of the Department of Health and Human Services ("HHS"). Plaintiff's allegations relate to an increase in the cost of certain medications. HHS filed a motion for a more definite statement, or in the alternative, to dismiss. BCBSA filed a motion for judgment on the pleadings. The Court finds that plaintiff has failed to state a claim against either defendant upon which relief can be granted, and so it will grant defendants' motions and dismiss this case.

### BACKGROUND

Plaintiff, acting *pro se*, filed a complaint in the Superior Court of the District of Columbia on August 14, 2014, naming BCBSA and CMS as defendants. Compl. [Dkt. # 9-1] at 1. HHS removed the case to this Court on September 17, 2014. Notice of Removal [Dkt. # 1].

The complaint consists of a one-page form, a two-page letter addressed to the "Civil Court" in the District of Columbia, and many pages of correspondence between plaintiff and various individuals, including the CEO of BCBSA, HHS Secretary Kathleen Sebelius, and personnel at

CMS, CareFirst BlueCross BlueShield, and Medi-CareFirst. Compl. Plaintiff states in the letter to the "Civil Court" that she is "complaining of the service being given by Blue Cross Blue Shield Insurance Company a contractual affiliate with the company Keith Glasscock (Plan D), and also Medicare's Appeal office." *Id.* at 2. Plaintiff explains that "[i]t all started in September 12, 2013, with an increase in the cost of medication with no notice prior to receiving the medication." *Id.* She then details the ways in which "it has gotten worse" since that time, which include:

- An alleged "[f]ailure to send Explanation of Benefits (EOB) monthly regarding an increase in the cost of medication." *Id.*

- "A letter (copy enclosed) dated October 23, 2013 with lots of false information." *Id.* Plaintiff further states that she has received confusing information about people who may or may not have called and worked at a Rite Aid pharmacy, as well as whether the manufacturer of the medications at issue sets prices for the medications. *Id.*

- An alleged failure to provide "paperwork" to plaintiff "showing the cost increase for Synthroid on July 3, 2013, and Prednisone on August 4, 2013." *Id.* Plaintiff also states that she did not receive timely responses to several inquiries by letter and phone with various individuals at "Blue Cross Blue Shield." *Id.* at 2–3.

Plaintiff further states that she made an appeal to "Medicare" regarding these practices, which included complaints about:

- The alleged increase in the cost of her medication. *Id.* at 3.

- A "Personalized Booklet with wrong information of 2013." *Id.*

- The failure of some "contractual employees of Medicare's Advanced Resolution" to "follow[] up with procedures properly." *Id.*

- The failure of "Medicare" to respond to an inquiry plaintiff made regarding a medication listing she received from Blue Cross Blue Shield. *Id.*

- The failure of "Medicare" supervisors to respond to her calls. *Id.*

- The failure of "Medicare's Appeal department" to contact her in writing "instead of the Appeal department having the Advance Resolution department call" her. *Id.*

- The statement by a Medicare supervisor named Rose that "Blue Cross Blue Shield committee [sic] fraud" and that "she would report this to Medicare's office in Philadelphia." *Id.* Plaintiff notes that she has "not heard further on this issue." *Id.*

The complaint and all of the attachments name numerous individuals whom plaintiff appears to believe are employees or representatives of defendants, and who she alleges were involved in the events at issue here. *See* Compl.

HHS filed a motion for a more definite statement, or in the alternative, to dismiss on September 24, 2014. Def.'s Mot. for More Definite Statement, or, in the Alternative, to Dismiss Compl. [Dkt. # 2] ("HHS Mot."). The Court advised plaintiff of her obligation to respond to HHS's dispositive motion under *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988). Fox Order (Oct. 10, 2014) [Dkt. # 6]; Fox Order (Nov. 17, 2014) [Dkt. # 10]; *see also Fox*, 837 F.2d at 509 (stating that the court must take pains to advise a *pro se* party that failing to respond to a dispositive motion "may result in the district court granting the motion and dismissing the case").

On December 3, 2014, plaintiff filed a letter to the Court that the Court construed as an opposition to HHS's motion. Letter from Annette M. Vanderhorst, plaintiff, to the Court (Nov. 20, 2014) [Dkt. # 11] ("Opp. to HHS Mot."). In the letter, plaintiff explained that the reason she filed this lawsuit is that she noticed an increase in the cost of her medication in September 2013, and that she has not received a satisfactory answer from CMS or Blue Cross Blue Shield about why this occurred. Opp. to HHS Mot. at 1–2. Plaintiff further contended that she had received "false information" from Wanda Lessner, an "Executive of Blue Cross Blue Shield." *Id.* at 2. HHS filed a reply on December 4, 2014. Def.'s Reply in Supp. of HHS Mot. [Dkt. # 12].

BCBSA filed an answer to the complaint on September 8, 2014, while this case was still pending in the Superior Court. *See* BCBSA Answer [Dkt. # 9-1]. On December 22, 2014, BCBSA filed a motion for judgment on the pleadings in this Court. BCBSA Mot. for J. on Pleadings

[Dkt. # 13] ("BCBSA Mot."). The Court advised plaintiff of her obligation to respond to BCBSA's dispositive motion on December 24, 2014. *See* Fox/Neal Order [Dkt. # 14].

On January 7, 2015, plaintiff filed a letter to the Court that the Court construed as an opposition to BCBSA's motion. Letter from Annette M. Vanderhorst, plaintiff, to the Court (Dec. 29, 2014) [Dkt. # 15]. In that letter, plaintiff stated: "As an American citizen, age 67, I feel that BCBSA has a contractual agreement with Medicare to provide Part D Prescription Drug service and has not taken the time to follow the agreement as it relates to providing me with an explanation for the increase in the cost of my medication." *Id.* at 1. Plaintiff again detailed her efforts to "interact with BCBSA" about her concerns, noting that "[t]his issue has caused [her] a lot of stress." *Id.* BCBSA filed a reply on January 20, 2015. Def. BCBSA's Reply in Supp. of BCBSA Mot. [Dkt. # 16] ("BCBSA Reply").

## STANDARD OF REVIEW

The standard of review for a motion for judgment on the pleadings under Rule 12(c) "is essentially the same as the standard for a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Longwood Vill. Rest., Ltd. v. Ashcroft*, 157 F. Supp. 2d 61, 66–67 (D.D.C. 2001).

A Rule 12(c) motion may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* at 66, citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In other words, "[i]f there are allegations in the complaint which, if proved, would provide a basis for recovery, the Court cannot grant judgment on the pleadings." *Nat'l Shopmen Pension Fund v. Disa*, 583 F. Supp. 2d 95, 99 (D.D.C. 2008) (citation and internal quotation marks omitted).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Supreme Court reiterated the two principles underlying its decision in *Twombly*: "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." 556 U.S. at 678. And "[s]econd, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id*. at 679.

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. A pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," *id*., quoting *Twombly*, 550 U.S. at 555, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In ruling upon a motion to dismiss under Rule 12(b)(6) or Rule 12(c), a court may ordinarily consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002); *see also Qi v. FDIC*, 755 F. Supp. 2d 195, 199–200 (D.D.C. 2010).

Because plaintiff is proceeding *pro se*, the Court notes that "[a] document filed *pro se* is 'to be liberally construed,'" and that "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

5

## ANALYSIS

Accepting all of plaintiff's allegations as true, *see Iqbal*, 556 U.S. at 678, the Court finds that plaintiff has failed to state a claim upon which relief can be granted, and so this case must be dismissed. *See* Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P. 12(c). Plaintiff contends that she did not receive proper notice of a change in the cost of certain prescription medications, and that she has not received an adequate explanation from her insurance company or CMS as to why that occurred. *See* Compl. But plaintiff has not alleged any misconduct on the part of either defendant that violated any law, nor has she articulated facts that would give rise to a cognizable cause of action. Plaintiff's allegations are, in essence, a customer service complaint, which is a type of complaint that is not redressable by this Court.

In addition, it appears that BCBSA is not a proper party to this case because it is not an insurance company and it does not employ any of the individuals identified in plaintiff's pleadings, including Wanda Lessner, the "Executive of Blue Cross Blue Shield" who plaintiff contends gave her "false information." *See* Opp. to HHS Mot. at 2; Decl. of Scott P. Serota, Ex. A to BCBSA Mot. [Dkt. # 13-1] ¶¶ 8, 12; Decl. of Deborah Bandura, Ex. A to BCBSA Reply [Dkt. # 16-1] ¶ 4.

The Court is sympathetic to plaintiff's frustration and it understands that issues relating to medication prices and health insurance can be confusing. But because plaintiff has not set forth a legal basis for relief, this case must be dismissed. *See Iqbal*, 556 U.S. at 679 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").

## CONCLUSION

For the reasons stated above, the Court finds that plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court will grant defendants' motions and dismiss this case. A separate order will issue.

/s/ Amy B. Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: April 16, 2015